UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARCEL SHILO,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL LLC AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendants. | ) | Civil Action No. 1:16-cv-11564-DJC |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Ditech Financial LLC, formerly known as Green Tree Servicing LLC ("Ditech"), and Federal National Mortgage Association ("Fannie Mae," collectively, the "Defendants") submit their Answer to the Amended Complaint filed by Plaintiff Marcel Shilo ("Plaintiff" or "Shilo").

**INTRODUCTION**

1. Defendants deny that they committed the wrongful conduct alleged in the first sentence of this paragraph and further deny the allegations in the second sentence of this paragraph.

2. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph.

**JURISDICTION AND VENUE**

3. Paragraph 3 sets forth a legal conclusion to which no response is required.

4. Paragraph 4 sets forth a legal conclusion to which no response is required.

5. Paragraph 5 sets forth a legal conclusion to which no response is required. Further, Defendants deny the allegations set forth in paragraph 5(a).

## PARTIES

6. Admitted.

7. Defendants admit that Ditech is a mortgage servicer and services Plaintiff's loan. Defendants admit that Ditech has a place of business at 1100 Virginia Drive, Suite 100A, Fort Washington, Pennsylvania. Otherwise, denied.

8. Defendants admit the allegations in the first sentence of this paragraph. Defendants admit that Fannie Mae is the owner of Plaintiff's loan. Otherwise, denied.

9. Paragraph 9 sets forth a legal conclusion to which no response is required. To the extent a response is required, denied.

10. Paragraph 10 sets forth a legal conclusion to which no response is required. To the extent a response is required, denied.

## FACTS

11. Defendants admit the allegations in the first sentence of this paragraph. Defendants state that the allegations in the second sentence of this paragraph refer to a written document whose terms speak for themselves. To the extent the allegations contradict the terms of the written document, those allegations are denied.

12. Defendants admit the allegations in the first sentence of this paragraph. Defendants state that the allegations in the remainder of this paragraph refer to a written document whose terms speak for themselves. To the extent the remaining allegations contradict the terms of the written document, those allegations are denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

14. Denied.

15. Defendants admit that Ditech began servicing the loan effective November 1, 2011 and that Bank of America, N.A. was a prior loan servicer.

16. Defendants state that the allegations in this paragraph refer to a written document whose terms speak for themselves. To the extent the allegations contradict the terms of the written document, those allegations are denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

18. Defendants deny that the assignment is void. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.

19. Defendants state that the whether the contract is void is a legal conclusion to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.

20. Defendants admit Ditech received a payment from Plaintiff in January 2012, which it applied to the account, but deny the payment was timely. Further answering, the payment was applied to payment for December 2011, which had not been paid. Defendants admit that Plaintiff was in default. Otherwise, denied.

21. Defendants admit that Plaintiff signed a Loan Modification Agreement, the terms of which speak for itself. To the extent the allegations in this paragraph contradict the terms of the Loan Modification Agreement, those allegations are denied. Otherwise, denied.

22. Defendants state that the allegations in this paragraph refer to a Loan Modification Agreement, whose terms speak for themselves. To the extent the allegations contradict the terms of the Loan Modification Agreement, those allegations are denied. Defendants admit the Loan Modification Agreement was not recorded.

23. Denied.

24. Admitted that Plaintiff was (and is) in default. Otherwise, denied.

25. Denied.

26. Denied. Further answering, Defendants state that on August 31, 2015, Green Tree Servicing LLC changed its name to "Ditech Financial LLC."

27. Defendants admit Ditech did not send a notice of servicing transfer, denies that it did not provide Defendants with notice of its name change and denies servicing was transferred.

28. Defendants admit that Ditech did not send a monthly statement for September 2015 but deny that it was obligated to do so.

29. Ditech admits that it began returning payments in or around November 2015 because they were insufficient to reinstate the account, and that four payments in the amount of $825.77 and one payment in the amount of $1651.54 were returned. Defendants are currently without information sufficient to form a belief as to the remainder of the allegations set forth in this paragraph.

30. Defendants deny that Shilo made timely payments. Defendants state that the remainder of the allegations in this paragraph refer to written documents whose terms speak for themselves. To the extent the remaining allegations contradict the terms of the written documents, those allegations are denied.

31. Defendants admit that Shilo did not make a payment in September 2015. Defendants admit that Shilo made a payment of $1,651.54 in or around December 2015 and the payment was returned. Otherwise, denied.

32. Defendants state that the allegations in this paragraph refer to a written document whose terms speak for themselves. To the extent the allegations contradict the terms of the written document, those allegations are denied.

33. Defendants deny that the certificate did not comply with the regulation.

34. Denied.

**COUNT I**
**BREACH OF CONTRACT FOR DEFENDANTS' BREACH OF LOAN MODIFICATION AGREEMENT AND LACK OF GOOD FAITH AND FAIR DEALING**

35. Defendants reassert their responses to paragraph 1 – 35 as if expressly set forth herein.

36. Paragraph 36 sets forth a legal conclusion to which no response is required.

37. Paragraph 37 sets forth a legal conclusion to which no response is required.

38. Paragraph 38 sets forth a legal conclusion to which no response is required.

39. Paragraph 39 sets forth a legal conclusion to which no response is required.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Paragraph 44 sets forth a legal conclusion to which no response is required.

45. Denied.

**COUNT II**
**MORTGAGE POWER OF SALE**

46. Defendants reassert their responses to paragraph 1 – 45 as if expressly set forth herein.

47. Paragraph 47 sets forth a legal conclusion to which no response is required.

48. Paragraph 48 sets forth a legal conclusion to which no response is required.

49. Paragraph 49 sets forth a legal conclusion to which no response is required.

50. Defendants state that the allegations in this paragraph refer to a written document whose terms speak for themselves. To the extent the allegations contradict the terms of the written document, those allegations are denied.

51. Defendants state that the allegations concerning the content of the letter refer to a written document whose terms speak for themselves. To the extent the allegations contradict the terms of the written document, those allegations are denied. Defendants deny the remaining allegations.

52. Denied.

53. Denied.

**COUNT III**
**DECLARATORY JUDGMENT THAT DEFENDANTS LACK STANDING TO FORECLOSE**

54. Defendants reassert their responses to paragraph 1 – 53 as if expressly set forth herein.

55. Defendants state that the allegations in this paragraph refer to a written document whose terms speak for themselves. To the extent the allegations contradict the terms of the written document, those allegations are denied.

56. Defendants state that the allegations in this paragraph refer to a written document whose terms speak for themselves. To the extent the allegations contradict the terms of the written document, those allegations are denied.

57. Defendants deny that the assignment is void. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.

58. Defendants state that the whether the contract is void is a legal conclusion to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

**COUNT IV**
**VIOLATION OF MASSACHUSETTS REGULATION 209 CMR 18.21A(2)(C)**

Defendants reassert their responses to paragraph 1 – 62 as if expressly set forth herein.

63. Paragraph 63 sets forth a legal conclusion to which no response is required.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

**COUNT V**
**DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT PURSUANT TO 15 U.S.C. § 1640, 15 U.S.C. § 1641(g), AND 12 U.S.C. § 2605**

68. Defendants reassert their responses to paragraph 1 – 68 as if expressly set forth herein.

69. Paragraph 69 sets forth a legal conclusion to which no response is required.

70. Defendants deny that they violated the statute. Defendants state that whether Plaintiff is a consumer is a legal conclusion to which no response is required. Defendants deny that Plaintiff is entitled to damages.

71. Defendants deny Plaintiff is entitled to the remedy sought.

72. Defendants deny Plaintiff is entitled to the remedy sought.

73. Defendants deny that Ditech became the "new servicer." Further answering, on August 31, 2015, Green Tree Servicing LLC changed its name to "Ditech Financial LLC."

74. Defendants admit that Ditech did not September 2015 monthly statement but deny that Ditech was obligated to do so. Defendants admit Ditech did not send a notice of servicing transfer, denies that it did not provide Defendants with notice of its name change and denies servicing was transferred.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

**COUNT IV [SIC]**
**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANTS' FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638**

80. Defendants reassert their responses to paragraph 1 – 79 as if expressly set forth herein.

81. Defendants deny that they violated the statute. Defendants state that whether Plaintiff is a consumer is a legal conclusion to which no response is required. Defendants deny that Plaintiff is entitled to damages.

82. Defendants deny Plaintiff is entitled to the remedy sought.

83. Paragraph 83 sets forth a legal conclusion to which no response is required.

84. Admitted.

85. Defendants admit that Fannie Mae owns Plaintiff's note and mortgage, holds the note and has a beneficial interest in the mortgage. Otherwise, denied.

86. Paragraph 86 sets forth a legal conclusion to which no response is required.

87. Defendants admit Ditech did not send Plaintiff a monthly statement for September 2015 but deny that it was obligated to do so and, therefore, denies that it failed to comply with the regulation.

88. Defendants state that the allegations in this paragraph refer to regulation whose terms speak for themselves. To the extent the allegations contradict the terms of the regulation, those allegations are denied.

89. Defendants admit Ditech did not send Plaintiff a monthly statement for September 2015 but deny that it was obligated to do so and, therefore, denies that it failed to comply with the regulation.

90. Defendants state the allegation set forth in this paragraph is confusing and Defendants cannot, therefore, respond properly. Defendants admit Ditech did not send Plaintiff a monthly statement for September 2015 but deny that it was obligated to do so and, therefore, denies that it failed to comply with the regulation.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

**COUNT V [SIC]**
**QUIET TITLE**

96. Defendants reassert their responses to paragraph 1 – 95 as if expressly set forth herein.

97. Admitted.

98. Denied.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

100. Defendants admit that Ditech holds a valid first mortgage on the Property, and Ditech is authorized to foreclose on behalf of Fannie Mae, which owns Plaintiff's loan. Defendants deny that a foreclosure sale has occurred or that a foreclosure deed has been executed.

101. Defendants admit that Ditech commenced a non-judicial foreclosure proceeding and has noticed a foreclosure sale of the property. Otherwise, denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

There is no private cause of action for a violation of 209 C.M.R. 18.21A(2)(C).

### Third Affirmative Defense

There is no cause of action for "Mortgage Power of Sale."

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of off-set.

### Fifth Affirmative Defense

Plaintiff's claims are barred by his own conduct and/or the doctrine of unclean hands.

## RESERVATION OF DEFENSES

Defendants reserve the right to amend their Answer to add affirmative defenses as they may become available.

Defendants
DITECH FINANCIAL LLC AND FEDERAL NATIONAL MORTGAGE ASSOCIATION

By its attorneys,

Dated: September 7, 2016

*/s/ Amy B. Hackett*
Richard Briansky (BBO# 632709)
Amy B. Hackett (BBO# 676345)
McCarter & English LLP
265 Franklin Street
Boston, MA 02110
Phone: (617) 449-6500
rbriansky@mmcarter.com
ahackett@mccarter.com

**CERTIFICATE OF SERVICE**

I, Amy B. Hackett, certify that a true and accurate copy of the foregoing document was filed through the Court's ECF system this 7th day of September 2016.

*/s/ Amy B. Hackett*
Amy B. Hackett